TARA K. MCGRATH
United States Attorney
George Manahan
Assistant U.S. Attorney
California Bar No.: 239130
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7607
Email: George.manahan@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>SUKHJIT SINGH GHUMAN (1),<br>  aka "Sukhi,"<br>KIRANJIT GHUMAN (2),<br>  aka "Kiran,"<br>MOHAMMAD RAY KHAN (3),<br>JOSHUA SCHWASS (4),<br>BENJAMIN LOUSTAUNAU (5),<br>JASWINDER SHANKER (6),<br>  aka "Jesse,"<br>VENIN PATEL (7),<br><br>  Defendants | Case No.: 23-CR-2019-RBM<br><br>CrimLR 16.1.a STATUS REPORT REGARDING DISCOVERY |

Below is a status report regarding Plaintiff United States and Defendants Mohammad Ray Khan, Joshua Schwass, Benjamin Loustaunau, and Jaswinder Shanker, Defendants (3)-(6) ("Defendants")[1] agreements regarding discovery and the disclosure of expert witnesses.

---

[1] Defendants Sukhjit Singh Ghuman and Kiranjit Ghuman, Defendants (1)-(2), were arrested in the United Kingdom on or about October 26, 2023. They have been granted bail and are undergoing or about to begin undergoing extradition proceedings. Defendant Venin Patel, Defendant (7), has not been arrested and is believed to be overseas.

# I. DISCOVERY

**A. Elimination Of Unjustifiable Expense And Delay And The Expeditious Government Production Of Electronically Stored Information ("ESI") And Other Voluminous Discovery; Form And Format Of The Production Of Materials Containing ESI; And Proposed Discovery Outline**

The United States has provided Defendants a first round of discovery consisting of Electronically Stored Information (ESI). The first round contained 66.7 gigabytes of data within 101,090 files, separated into 106 folders. Defendants received the discovery at different times, and so have had different opportunities to review it, but those who have had an initial opportunity to review do not object to its searchability or organization. If further review of discovery reveals any concerns over such matters, the parties will meet and confer to attempt to come to an agreement among themselves.

When initially provided, the discovery contained an index, but when re-provided to at least some Defendants in a different format because of technical issues, the index appears to have been inadvertently left out. It has now been reproduced. A second, similar though smaller, round of discovery with an index will be provided to Defendants in or around the week of December 25, 2023. The United States intends these two rounds of discovery to complete nearly all, if not all, of the United States required disclosures pursuant to Rule 16 of the Federal Rules of Criminal Procedure, and any exculpatory materials required by *Brady v. Maryland*, 373 U.S. 83 (1963).[2] The United States will continue, however, to search for and provide any materials it finds that should be discovered, as well as producing materials created going forward.

---

[2] Jenks and Rule 26.2 materials and impeachment evidence need be disclosed only after a witness testifies. *See United States v. Jones*, 612 F.2d 453, 454–55 (9th Cir. 1979); *United States v. Rinn*, 586 F.2d 113, 119 (9th Cir. 1978); *United States v. Lew*, No. 217CR00021JCMGWF, 2018 WL 4215094, at *6 (D. Nev. Sept. 4, 2018); *United States v. Yan Juan Zhen*, No. 2:13-CR-40-APG-VCF, 2015 WL 727923, at *3 (D. Nev. Feb. 19, 2015); *see also United States v. Higgs*, 713 F.2d 39, 44 (3d Cir. 1983) (material that could be used to challenge the credibility of government witnesses appropriately disclosed the day that the witness testifies). The United States intends to complete such discovery no later than at or near the time it provides a final witness list for its case-in-chief, although much of it will likely be produced much earlier.

Given the significant volume of discovery, the parties have discussed a process to assist Defendants in sorting through it. First, the United States will provide an index indicating the starting and ending Bates number and filename for the documents it produces. The file names are intended to helpfully describe the file. Second, in or around January 2024, the United States will send a letter or email to Defendants' attorneys describing the key evidence the United States has identified thus far against their client. Third, the United States will invite Defendants and their attorneys to individually meet with their clients to further discuss how such evidence helps prove the allegations against their client. If, after this process, Defendants believe more assistance categorizing the discovery will be helpful, the parties will meet and confer to attempt to reach agreement on how to do so.

**B. Proposed Timeline For Disclosure Of Expert Witnesses Under Rule 16**

Given the discovery plan outlined above, and the need for Defendants to review voluminous discovery, the parties would like to wait until a future motion hearing to make recommendations regarding expert discovery. Generally speaking, the parties will likely propose a date a couple of months before the trial start date.

**C. Proposed Timeline For Declaring Case Complex And Otherwise Excluding Time**

The parties request setting a future status hearing date in or around mid-to-late February 2024 to allow Defendants time to review the discovery and determine if they believe it would appropriate to oppose the United States' request to declare this case to be Complex and otherwise exclude time to allow joinder of parties being extradited from overseas.

DATED: December 20, 2023

Respectfully Submitted,

TARA K. MCGRATH  
United States Attorney

 s/ George Manahan  
GEORGE MANAHAN  
Assistant U.S. Attorney